FILED

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 16 2011 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE
BROOKLYN DIVISION

**CV 11 - 6 104**

| | |
|---|---|
| Eileen Ryan | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| v. | |
| Cohen & Slamowitz, LLP | **BLOCK, J.** |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

POHORELSKY, M.J.

## PARTIES

1. Plaintiff is a natural person who resided in Queens Village, New York at all times relevant to this action.

2. Defendant is a limited liability partnership that maintained its principal place of business in Woodbury, New York at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Citibank, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around December 21, 2010, Defendant telephoned Plaintiff's mother ("Dolores") in connection with the collection of the debt and left a voice message.

14. In this message, Defendant disclosed to Dolores that Plaintiff owed the debt, the amount of the debt owed, and the creditor of the debt.

15. Defendant caused Plaintiff emotional distress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent when Defendant left a voice message detailing the character, nature, and existence of the debt on Plaintiff's mother's answering machine.

18. In support hereof, Plaintiff incorporates paragraphs 13-14 as if specifically stated herein.

## JURY DEMAND

19. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

20. Plaintiff prays for the following relief:

    a.   Judgment against Defendant for actual damages, statutory damages, and costs and

        reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.   For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, P.C.

By: _____

Jeffrey R. Maguire, Esq. (Bar No. 4821)
420 Lexington Avenue, Suite 2132
New York, NY 10170
Tel: 1.866.339.1156
Fax: 1.312.822.1064
jmaguire@maceybankruptcylaw.com
*Attorney for Plaintiff*

3